FILED
SUPERIOR COURT
OF GUAM

2022 FEB 15 PM 12: 47

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| RSA-TUMON, LLC, | **Superior Court Case No. CV0453-20** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE RULE 62 FIRST MEMORANDUM OF LAW FOR MOTION AND DISMISS** |
| PITT COUNTY MEMORIAL HOSPITAL, INC., and SHERIF ANTOUN PHILIPS, | |
| Defendants. | |

The Court here considers Dr. Sherif A. Philips' August 23, 2021 "Rule 62 First Memorandum of Law For Motion to Dismiss." Having reviewed the parties' briefs, the Court hereby DENIES the Motion.

## I. PROCEDURAL BACKGROUND

Plaintiff RSA-Tumon, LLC initiated this interpleader action before this Court. Dr. Philips then removed the case to federal court. *RSA-Tumon, LLC v. Pitt Cty. Mem. Hosp., et al.,* D. Guam Civ. Case No. 20-00025. However, because Dr. Philips did not establish his domicile to be elsewhere but Guam, the federal court remanded the matter due to the lack of diversity jurisdiction. *Id.* (Order Granting Mot. for Remand (Mar. 30, 2021)).

Following the remand, on June 17, 2021, Dr. Philips filed a "Rule 62 & Motion to Dismiss[;] Set Aside Judgment[;] Request for Legal Fees and Cost." The Court denied the motion because Guam Rule of Civil Procedure 62 was procedurally inapplicable at the pre-judgment stage of the case. The Court also determined that 7 GCA § 12114 and Guam Rule of Civil Procedure 22 recognized this Court's exercise of subject matter jurisdiction in



interpleader actions.  Order Denying Rule 62 & Mot. Dismiss, Set Aside J. and Req. Legal Fees

and Cost (Aug. 6, 2021).

In the motion now before the Court, Dr. Philips again seeks relief under Rule 62.  He also

raises other arguments concerning personal jurisdiction, fraud, and abuse of discretion.

After the briefing on this present motion concluded, Dr. Philips filed an Answer and

counterclaims.  Answer--Denial Compl. & Countercls. (Jan. 12, 2022).

## II.    LAW AND DISCUSSION

### A.  Rule 62 Does Not Apply.

The court first addresses Philips' titled legal basis for this Motion--Guam Rule of Civil

Procedure 62.  The Court discussed Rule 62 recently.  *See* Order Denying Rule 62 & Mot.

Dismiss, Set Aside J. and Req. Legal Fees and Cost.  As this matter is still in the pre-trial phase,

Rule 62--which seeks reconsideration of a Judgment--still does not apply at this pretrial phase.

The Court warns Dr. Philips that any further "Rule 62" filings that are found to be procedurally

improper will subject him to sanctions.

### B.  The Court Has Personal Jurisdiction Over Dr. Philips.

Dr. Philips claims that this Court lacks personal jurisdiction because his permanent and

public address, which he labels his "domicile," is in St. Petersburg, Florida.  Rule 62 First

Memo. Law Mot. Dismiss at 1 (Aug. 23, 2021).

The issue of Dr. Philips' domicile was at the front and center of the federal court's

analysis in remanding this matter back to this Court.  When he sought removal, Dr. Philips

contended that the federal court had diversity jurisdiction.  However, when the federal court

examined this issue on a motion to remand, it found that Dr. Philips failed to establish or dispute

RSA-Tumon's allegation that he resided in Guam.  Because he failed to refute the allegation, the

federal court made the specific finding that RSA-Tumon "and Defendant Philips are both citizens

ORIGINAL

of Guam, and thus there is a lack of complete diversity in this action." D. Guam Civ. Case No.

20-00025 (Order Granting Mot. Remand at 4).

Despite having the opportunity at the federal court to demonstrate his domicile, Dr.

Philips, now back on remand, again claims that his domicile is elsewhere but Guam. However,

the establishment of his domicile is now the law of the case. This Court need not re-engage a

decided issue unless the determination was erroneous; an intervening change in the law has

occurred; substantial different evidence or changed circumstances exist; or there is a manifest

injustice. *People v. Hualde*, 1999 Guam 3 ¶ 13.

However, there are no changes in circumstances or new evidence (nor any change in the

law or manifest injustice). Consistent with the federal court's finding, the Court takes judicial

notice that Dr. Philips has continuously represented that he has been living in Guam for more

than ten years and that Guam has become his primary residence. CV0478-18 (Answer and

Countercl. ¶ 23 (Aug. 3, 2018)). He made this same representation to North Carolina courts in

order to avoid the exercise of jurisdiction there. CV0478-18 (Answer and Countercl., att.

(motion to dismiss filed in North Carolina Superior Court)).

In addition, Dr. Philips has used the same Upper Tumon address for filings in this Court

since 2018. *Compare* his latest filing here--Answer-Denial Compl. & Countercls. (Jan. 12,

2022)--with his first filing in CV0478-18 (Response and Mot. Dismiss (June 3, 2018)). Dr.

Philips' continuous use of a Guam address, along with his representations to tribunals that he has

lived in Guam for more than ten years, establish his domicile on Guam.

The Court recognizes that a domicile is one's permanent home, not a state of residence.

D. Guam Civ. Case No. 20-00025 (Order Granting Mot. Remand at 3 (citing *Kanter v.*

*Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001))). Thus, even assuming that Dr. Philips

is not a Guam resident, Guam law directs that personal jurisdiction may still exist if he is a

ORIGINAL

non-resident. In Guam, 7 GCA § 14109 confers upon the trial court the statutory authority to exercise jurisdiction "up to and including all that is constitutionally permissible" and that the Due Process Clause requires a defendant to have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc.,* 1999 Guam 17 ¶ 17 (citing *Int'l Shoe Co. v. Washington,* 66 S.Ct. 154, 158 (1945)). Assuming minimum contacts are established, a court may exercise personal jurisdiction in two ways: (1) general jurisdiction where a defendant's activities in a state are either substantial, or continuous and systematic; or (2) limited or specific jurisdiction "where the defendant's contacts with the forum, though limited, are sufficiently related to the cause of action." *Id.* at 18 (citation omitted).

Dr. Philips' admitted long-term residence on Guam indicates he has had substantial and continuous contacts within this forum, thereby conferring general jurisdiction over him. More importantly, because he did not dispute his domicile on Guam earlier in the course of this case, the Court confirms that it may exercise personal jurisdiction over him and DENIES the Motion to Dismiss on the grounds of personal jurisdiction.

### C. Dr. Philips Cannot Seek Dismissal of the Case Based on Fraud.

Dr. Philips seeks dismissal on the grounds that RSA fraudulently filed this case. Fraud is not a basis for dismissal under Rule 12, though it may form the basis for relief, such as in a counterclaim. Dr. Philips in fact raises the same fraud arguments in his counterclaim. In any event, the Court DENIES dismissal of the interpleader on claimed grounds on fraud.

### D. Dr. Philips Cannot Seek Dismissal of the Case Based on an Abuse of Discretion.

Finally, Dr. Philips seeks dismissal of this interpleader case because of decisions relevant to *Pitt Cty. Mem. Hosp., Inc. v. Philips,* CV0478-18. That matter is on appeal on the issue of this

ORIGINAL

Judge's disqualification. CVA21-011. Dr. Philips does not cite a legal basis to dismiss this interpleader case due to an alleged abuse of discretion by a Court in a related case. This Court also notes Philips has never appealed the underlying Judgment in CV0478-18 and that the Guam Supreme Court dismissed Dr. Philips' appeals on post-judgment issues that are relevant to the alleged "abuse of discretion." *Pitt Cty. Mem. Hosp., Inc. v. Philips*, CVA20-016 (Judgment (June 25, 2021)); *Pitt Cty. Mem. Hosp., Inc. v. Philips,* CVA20-002 (Judgment (June 25, 2021)).

In any event, because Dr. Philips fails to cite a legal basis for dismissal due to an alleged abuse of discretion, the Court DENIES dismissal on such grounds.

## III.   **CONCLUSION AND ORDER**

The Court DENIES Dr. Philip's August 17, 2021 Rule 62 Motion to Dismiss and finds that it has properly exercised personal jurisdiction.

Remaining before the Court is RSA-Tumon's Motion to Dismiss Dr. Philips' counterclaim. According to the CVR 7.1 FORM 1, Dr. Philips may file an Opposition by Dr. Philips no later than March 1, 2022, with a Reply due on March 15, 2022. Also, the dispositive motion cutoff of January 28, 2022, has passed and no further dispositive motions were filed. Therefore, a Trial Schedule will issue separately.

SO ORDERED this 15th day of February 2022.

*[signature]*

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Parties:
Anita P. Arriola, Esq., and William B. Brennan, Esq., Arriola Law Firm, for Plaintiff RSA - Tumon, LLC
Daniel J. Berman, Esq., Berman Law Firm, for Defendant Pitt County Memorial Hospital, Incorporated
Sherif Antoun Philips, M.D., self-represented Defendant

ORIGINAL